IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CELISA R. FORD                                          *
                          Plaintiff,
              v.                                        *   CIVIL ACTION NO. ELH-16-2324

SOCIAL SECURITY ADMINISTRATION         *
  ACTING COMMISSIONER CAROLYN
  COLVIN                                                *
                          Defendant.
                                                    *****

## MEMORANDUM

Celisa Ford, plaintiff, a resident of Owings Mills, Maryland, filed the above captioned case

on June 23, 2016, seeking relief from Carolyn Colvin, Acting Commissioner of the Social Security

Administration, defendant, under Title VII of the Civil Rights Act of 1964.   Ford alleges ongoing

discrimination and "substantial" disparate treatment, claiming that the Social Security

Administration ("SSA") retaliated and harassed her by subjecting her to isolated work conditions,

reduced rests and lunchbreaks, inadequate training, false accusations of sexual discrimination,

suspensions, and the denial of work positions.   She seeks compensatory damages and a job

relocation.  ECF 1 at 6-7.

Plaintiff has also filed a motion for leave to proceed in forma pauperis.  ECF 2.   Under 28

U.S.C. § 1915(a), a district court has discretion to grant or deny an application for in forma pauperis

status.  The in forma pauperis statute is intended to ensure that indigent persons have equal access to

the judicial system by allowing them to proceed without having to advance the fees and costs

associated with litigation.  *See Flint v. Haynes,* 651 F.2d 970, 972 (4th Cir. 1981).   An impoverished

plaintiff does not have to prove that he or she is "absolutely destitute to enjoy the benefit of the

statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U .S. 331, 339 (1948).  Rather, an affidavit to

proceed in forma pauperis is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide for the necessities of life. *Id.*

Plaintiff avows that she remains employed at the SSA, earning an annual salary of approximately $75,000.00, and owns a 2010 vehicle with a fair market value of $17,000.00.  As her declared income and assets do not outweigh her monthly expenses, she has failed to show that she satisfies the indigency requirements.  Therefore, her motion for leave to proceed in forma pauperis shall be denied, and she shall be required to pay the full $400.00 filing fee within twenty-one (21) days of the entry date of this Order.  In addition, for reasons to follow, plaintiff shall be required to supplement her Complaint.

Title VII prohibits an employer from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a)(1).  It also prohibits employers from discriminating against an employee because the employee has filed a grievance or complaint regarding an employment practice that allegedly violates Title VII's antidiscrimination provision. *See* 42 U.S.C. § 2000e–3(a); *see also Boyer–Liberto v. Fontainbleau Corp.,* 786 F.3d 264, 281 (4th Cir. 2015) (en banc).

Title VII's prohibitions apply to federal employees and to private sector employees.[1]  Before filing suit under Title VII, an employee must exhaust administrative remedies.  *See, e.g., Jones v.*

---

[1] Until Title VII was amended in 1972, it did not protect federal employees. *See* 42 U.S.C. § 2000e(b) (excluding the United States from the definition of "employer").  In 1972, however, Congress amended Title VII to provide that a federal employee who has exhausted his administrative remedies "may file a civil action as provided in section 2000e–5 of this title" against the "head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e–16(c); *see Bullock v. Napolitano,* 666 F.3d 281, 283–84 (4th Cir. 2012), *cert. denied,* 133 S. Ct. 190 (2012).

*Calvert Grp., Ltd.*, 551 F.3d 297, 300–01 (4th Cir. 2009); *Laber v. Harvey*, 438 F.3d 404, 415 (4th Cir. 2006) (en banc).

Exhaustion of administrative remedies is a "prerequisite to . . . suit." *Figueroa v. Geithner*, 711 F. Supp. 2d 562, 569 (D. Md. 2010). As the Fourth Circuit said in *Jones*, 551 F.3d at 300–01: "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Notably, "[t]he exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005); *see Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406–07 (4th Cir. 2013).

The "administrative remedies available for federal employees are significantly broader than the administrative remedies for employees in the private sector." *Laber*, 438 F.3d at 416. As a prerequisite to suit, a federal employee must comply with the administrative procedures set forth in 29 C.F.R. § 1614. *Young v. Nat'l Ctr. for Health Serv. Research*, 828 F.2d 235, 237 (4th Cir. 1987) (citing 29 C.F.R. § 1613, which contained federal employee grievance procedures before § 1614 was promulgated to replace § 1613).

Federal employees "who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). And, they "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). *See also Verrier v. Sebelius*, CCB-09-402, 2010 WL 1222740, at *8 (D. Md. Mar. 23, 2010). During pre-complaint processing a "Counselor shall not attempt in any way to restrain the aggrieved person from filing a complaint." 29 C.F.R.

§ 1614.105(g).

In some cases, counseling will result in a withdrawal of the claim or a settlement agreement between the employee and employer. *See* 29 C.F.R. § 1614.504(a); *Campbell v. Geren*, 353 F. App'x 879, 882 (4th Cir. 2009). However, if the issue is not resolved with the aid of the counselor, the aggrieved person must file a formal complaint with the agency. *See* 29 C.F.R. §§ 1614.106 to 1614.108. Once the agency takes "final action" on the formal complaint, the aggrieved person may appeal the decision to the EEOC or file suit. *Id.* § 1614.110. Federal employees must both exhaust their administrative remedies and then timely file their law suit, because "[f]ederal subject matter jurisdiction does not exist unless both of these requirements are met." *Ruiz v. Donahue*, 569 Fed. App'x 207, 211-12 (5th Cir. 2014).

If a federal employee fails to comply with the administrative procedures outlined above, she has failed to exhaust her administrative remedies and is generally barred from filing suit. *See, e.g.*, *Miles*, 429 F.3d at 491; *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002); *Frank v. England*, 313 F. Supp. 532, 536 (D. Md. 2004) ("Before an employee has standing to pursue a claim against a federal employer under Title VII, he must first exhaust the available administrative remedies by proceeding before the agency charged with the discrimination."). Failure to comply generally mandates dismissal. *Lorenzo v. Rumsfeld*, 456 F. Supp. 2d 731, 734 (E.D. Va. 2006) (citing *Zografov v. Veterans Admin. Med. Ctr.*, 779 F.2d 967, 970 (4th Cir. 1985)).

In her statement of facts, plaintiff claims that she filed an "EEO sexual discrimination case against a supervisor" on an unspecified date. ECF 1 at 6. At no point, however, does she discuss whether she has completed the exhaustion process as to the claims raised herein. In order to demonstrate that plaintiff has exhausted her administrative remedies, Ford shall be granted an

additional twenty-one (21) days to supplement her Complaint.  Plaintiff shall file all documents related to an administrative agency decision, including, but not limited to, a "Right to Sue" letter received from the agency.  Ford is cautioned that her failure to file a timely and appropriate supplement and the full filing fee will result in the dismissal of suit, without prejudice, without further notice from this Court.

An Order follows.


Date:  June 29, 2016                    _____/s/_____
                                        Ellen L. Hollander
                                        United States District Judge